## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

OBALDO ESPINOZA, JR.,                )
                                     )
        Petitioner,          )
                                     )
v.                                   )      Case No. CIV-23-146-D
                                     )
CASEY HAMILTON, Warden,[1]           )
                                     )
        Respondent.         )

## O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc. No. 15] issued November 27, 2023, under 28 U.S.C. § 636(b)(1)(B) and (C).   United States Magistrate Judge Suzanne Mitchell recommends the denial of the Petition for Writ of Habeas Corpus because Petitioner's grounds for relief lack merit.   Petitioner, through counsel, has filed a timely Objection [Doc. No. 16].   Thus, the Court must make a *de novo* determination of any part of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks relief from 2019 convictions in Garfield County, Oklahoma, of aggravated trafficking in illegal drugs, unlawful possession of a firearm after a felony conviction, and unlawful possession of drug paraphernalia.   Petitioner was sentenced to imprisonment for consecutive terms of 35 years and 10 years, and a concurrent one-year

---

[1]   Without objection, the Court adopts Judge Mitchell's substitution of Respondent to reflect Petitioner's current custodian.

term. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed in July 2020.[2]   In February 2021, Petitioner applied for post-conviction relief, which was denied in November 2021. The OCCA affirmed the denial in August 2022. This habeas action under 28 U.S.C. § 2254 was timely filed in February 2023.

Petitioner asserts two grounds for relief:   1) the OCCA unreasonably determined that his constitutional rights were not violated by the admission of evidence regarding an alleged involuntary confession that was obtained after he invoked the right to remain silent (Pet. at 9-14); and 2) the state courts' denial of his claim of ineffective assistance of appellate counsel should be reviewed *de novo*. (Pet. at 14-18). In a 27-page Report, Judge Mitchell conducts a careful examination of Petitioner's claims in light of the Response [Doc. No. 12], the state court record, and the standards set by 28 U.S.C. § 2254(d). Judge Mitchell finds that Petitioner has not shown the OCCA's determinations involved unreasonable applications of clearly established federal law, and that Petitioner's claims lack merit.

In his Objection, Petitioner challenges Judge Mitchell's findings and conclusions.[3] He also makes new arguments that were not previously presented in support of the Petition.

---

[2]   During the COVID-19 pandemic, a March 19, 2020 miscellaneous order of the United States Supreme Court extended the deadline to file a certiorari petition by 60 days (for a total of 150 days). Thus, the OCCA's direct appeal decision became final in December 2020, when the time for pursuing certiorari relief expired.   *See Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012).

[3]   Petitioner also makes inapplicable arguments based on an apparent misreading of the R&R, including that Judge Mitchell improperly found his claims were not properly exhausted. *See* Obj. at 6. Judge Mitchell addresses the merits of all Petitioner's arguments, even ones that were not presented in state court.   *See* R&R at 17-18 ("The Court should deny the voluntariness arguments Petitioner raises for the first time in this action.").

*See*, *e.g.*, Obj. at 7 ("Petitioner objects to the constitutionality of 22 O.S. § 22"). The Court declines to consider new arguments raised for the first time in objection to the R&R.   *See Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *accord Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

Upon *de novo* consideration of the issues properly raised by Petitioner's Objection, the Court fully concurs in Judge Mitchell's findings and conclusions. Because the Court cannot add in any meaningful way to Judge Mitchell's thorough analysis, the Court adopts the R&R in its entirety as though fully set forth herein. For the reasons fully stated by Judge Mitchell, the Court finds that Petitioner has not shown a basis for federal habeas relief on the claims asserted in his Petition.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 15] is **ADOPTED**. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DENIED**. A final judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right."   *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the standard

is not met in this case and a COA should be denied. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 28th day of December, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge